UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raymond BENDER,<br><br>                             Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, et al.,<br><br>                             Defendants. | Case No.: 23-cv-0023-AGS-AHG<br><br>**ORDER DENYING PLAINTIFF'S SANCTIONS MOTION (ECF 32)** |

Plaintiff moves for Rule 11 sanctions due to the purported inadequacy of the amended answer. (*See* ECF 32, at 15); *see also* Fed. R. Civ. P. 11. In particular, he faults the defense for failing to reveal "the records the U.S. Attorney gathered and reviewed" for that answer (ECF 32, at 15), failing to attach various exhibits and documents with it (*see, e.g.*, *id.* at 9), and failing to disclose the "bases" of all affirmative defenses, including all the "Facts and Law the Government Intends to Raise" (*id.* at 25). But Rule 11 motions "should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. At any rate, plaintiff's "conclusory allegations" do not carry his burden of proving that this pleading is in any way "frivolous, legally unreasonable, without factual foundation or brought for an improper purpose," as required to impose Rule 11 sanctions. *See Brisken v. Griego*, No. CV-16-02434-PHX-JJT (ESW), 2018 WL 10207999, at *1–2 (D. Ariz. Dec. 21, 2018).

Thus, plaintiff's Rule 11 motion is **DENIED**. His request to "judicially notice Judge Shadur's Rule 8 principles" (ECF 32, at 17) is also **DENIED**. This Court may only judicially notice "an adjudicative fact." *See* Fed. R. Evid. 201(a).

Dated: March 20, 2025

                                                                                        Andrew G. Schopler
                                                                                       United States District Judge