|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA | |
| Raymond BENDER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 23-cv-0023-AGS-AHG<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF 41) AND GRANTING PLAINTIFF'S MOTION TO AMEND/CORRECT (ECF 47)** |

Plaintiff Raymond Bender filed a series of Freedom of Information Act requests with the Federal Aviation Administration before bringing this FOIA-related suit against the FAA and others. Defendants move for partial summary judgment, alleging Bender failed to exhaust administrative remedies.

### MOTION FOR PARTIAL SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In FOIA cases, a plaintiff's "fail[ure] to exhaust administrative remedies"—which includes "an appeal within the agency"—warrants "summary judgment against" the claimant. *Aguirre v. United States Nuclear Regul. Comm'n*, 11 F.4th 719, 723, 725 (9th Cir. 2021).

A.  **FOIA CLAIM 2019-001556WP (the '556 Claim)**

In defense of his '556 claim, Bender makes five arguments. First, he asserts that "[n]o appeal was needed," because defendants "violated" 5 U.S.C. § 552(a)(6)(C)(i) and (a)(7) "by failing to timely and properly acknowledge the FOIA." (ECF 44, at 2.) It is true that a FOIA requestor "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i). But "exhaustion is still required" when, as here, "an agency responds late but before the requestor sues." *See Aguirre*, 11 F.4th at 725–26; (ECF 41-1, at 9;

*see generally* ECF 1 (showing agency response in 2019 and lawsuit filed in 2023)). Thus, to exhaust his administrative remedies, Bender was required to appeal the agency's allegedly unsatisfactory response.

Second, Bender suggests that the "letter" he sent the agency "qualified as an appeal." (*See* ECF 44, at 2.) Not so. The agency's "final response" to his '556 claim provided specific instructions on how to "request reconsideration of [the agency's] determination": send the appeal request to a specific physical or "electronic mail" address in "writing" "within 90 days" of the agency's decision; "include all information and arguments relied upon"; and "state that [the request] is an appeal." (ECF 41-1, at 8.) And the "exhaustion doctrine" requires requestors to "comply fully with agency procedures." *In re Steele*, 799 F.2d 461, 466 (9th Cir. 1986). Bender did not. He instead sent a letter to two email addresses that were not listed as appeal options. (*See* ECF 44-4, at 2; ECF 41-1, at 8.) The word "appeal" appears nowhere in that letter. (*See* ECF 44-4.) And even after scouring the version Bender submitted, the Court can find no indication that Bender's letter was substantively an appeal. (*See id.*) Throughout the document, he calls it a "follow up request," complains about the record production's formatting, asks for additional "correspondence between the county and FAA," and presses the agency to "confirm" other information. (*See id.* at 2, 4–6.) So, even if the Court were to set aside Bender's failure to send the letter to the correct address, overlook the omission of the word "appeal," and let pass defendants' allegation that Bender "clearly altered" the letter (*see* ECF 45, at 3 n.2), the letter still does not constitute an appeal.

Bender's third justification is that defendants "waived" any "defects by failing to reply to Bender's status requests." (*See* ECF 44, at 2.) Again, not so. Because Bender submitted his "status requests" after the agency issued its "final response," he should have filed any further FOIA-related correspondence through the previously discussed appeal process. (*See* ECF 41-1, at 8–9; ECF 44, at 2.)

Fourth, he asserts that the "FAA failed to reply to" a "Jan[uary] 2022 appeal" and that this shortcoming somehow renders the agency "barred from belatedly challenging" his

"FOIA non-compliances." (ECF 44, at 2.) But he offers no authority for that proposition. Nor does he provide any rationale for why a purported 2022 appeal should have any bearing on Bender's failure to administratively exhaust a 2019 FOIA request. So, the Court rejects this argument, too.

Finally, Bender insists that the "FOIA appeal boilerplate instructions to FOIA requestors are opaque" (ECF 44, at 3), but this claim lacks support in the record. He cites to no portion of the FOIA "appeal" "instructions" that he suggests are "unenforceable[y]" "opaque," nor does he present any authority suggesting that it's unlawful for administrative agencies to provide "boilerplate" appeal instructions. (*See id.*) In any event, the Court reviewed the agency's instructions in the record and sees no issue with them. (*See* ECF 41-1, at 8–9.)

Defendants' summary-judgment motion against Bender's '556 claim is granted.

**B.    FOIA CLAIM 2022-08099 (the '099 Claim)**

The '099 claim includes seven "parts," and defendants argue that Bender failed to exhaust only "Part 6." (*See* ECF 41-1, at 11, 15; ECF 45, at 4, 6.) Bender claims that any such appeal would have been "futile." (ECF 44, at 3.)

"[C]ourts can waive the [exhaustion] requirement when" "further administrative proceedings would prove futile." *Aguirre*, 11 F.4th at 725. But nothing indicates an appeal here would have been fruitless. In fact, the FAA's thorough replies to his FOIA requests suggest just the opposite. (*See* ECF 41-1, at 7–26.) For example, for "Part 6" of Bender's request, the FAA took care to break down his multi-pronged request by "add[ing] an 'a,' 'b,' and 'c' to distinguish" one prong from another and respond fully to each of them. (ECF 41-1, at 12.) The FAA provided "[a]ll" of the pages when available and explained when "[n]o records were found." (*Id.*) This reply rebuts any "contention that the agency harbored a predetermined intent to deny him relevant records" such as to make exhaustion futile. *See Aguirre*, 11 F.4th at 727–28; *see also In re Steele*, 799 F.2d at 466 (finding that it "would not be futile" to require administrative exhaustion even after "the government has made it quite clear that it will not release the requested information").

3

1  Bender's futility argument is unavailing, and defendants' summary-judgment
2  motion against "Part 6" of Bender's '099 claim is granted.

### C. FOIA CLAIM 2022-09274 (the '274 Claim)

Finally, Bender disputes whether his '274 submission is even a FOIA request. (ECF 44, at 6.) In his view, the three-question petition merely "asked about" another one of Bender's many FOIA requests, namely, seeking a "receipt date" and for the agency "to clarify its fee determination." (*Id.*) But the evidence suggests otherwise. (*See* ECF 41-1, at 24.) It appears that he submitted the questions as a separate FOIA request; asked for additional information about that FOIA request, rather than merely "asking about" a "receipt date" and for "clarification" about another FOIA request; and the agency responded to it—in detail—as a separate FOIA request. (*See id.* at 24–26; ECF 44, at 6.) Bender provides no authority or rationale in support of the contention that this '274 FOIA submission should be construed in conjunction with another FOIA request. And even if he had, there is no evidence in the record to suggest that he administratively exhausted either of the two FOIA requests he attempts to mash together with the '274 request. So, either way, he's failed to exhaust.

Defendants' summary-judgment motion against Bender's '274 request is granted.

### CONCLUSION

Accordingly, defendants' motion for partial summary judgment is **GRANTED**. The Court grants summary judgment against Bender's '556 claim and '274 claim in their entirety and grants summary judgment against the '099 claim only as to "Part 6." Bender's motion to "bring" additional caselaw "to the court's attention" (*see* ECF 47) is **GRANTED**, but those authorities do not alter the above analysis.

Dated: July 25, 2025

Hon. Andrew G. Schopler
United States District Judge