UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Raymond BENDER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, et al.,<br><br>Defendants. | Case No.: 23-cv-0023-AGS-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS (ECF 39, 51, 59, 64)** |
|---|---|

In this Freedom of Information Act lawsuit, the Court must resolve four recent motions by plaintiff Bender.

The first motion is titled "Plaintiff's Motion to Define Timing & Scope of Defendants['] FOIA Administrative Record and for FRCP Rule 26 Clarification." (ECF 51, at 1.) In it, Bender appears to pre-request the administrative record because he fears "Defendants will 'midnight' dump hundreds of records on Bender with a[]" summary-judgment motion. (*Id.* at 10.) But defendants have not filed the motion that Bender preemptively takes issue with, so his administrative-record request is denied. If defendants file the motion, Bender may raise any related issues at that time—including any potential requests for additional time to digest an extensive record. As for Bender's related motion for "[c]larification" about whether Federal Rule of Civil Procedure 26 "applies" in certain "actions" (ECF 51, at 1, 21 n.4), that request is denied. "[F]ederal courts will not give advisory opinions." *Flast v. Cohen*, 392 U.S. 83, 96 (1968*); see also Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) ("Discovery is not typically a part of FOIA and Privacy Act cases . . . ." (cleaned up)).

Bender's second motion is titled "Motion in Limine to Define Defendants['] MSJ & Hearing Evidentiary Obligations." (ECF 59, at 1.) He argues that this Court should order defendants to "promptly" "produce records" for their purported "fail[ure] to reply to many [of] Plaintiff['s] status requests." (*Id.* at 6.) The Court addressed Bender's concerns about defendants' responses to various correspondence in the partial-summary-judgment order

1

(*see generally* ECF 63), so that request is denied. Nonetheless, Bender notes that, in briefing the prior partial-summary-judgment motion, the parties failed to submit a joint statement of undisputed facts, as required by this Court's Civil Chambers Rule 7. The parties are admonished to follow all chambers rules going forward.

The third submission is titled "Plaintiff['s] Response to Order Granting Defendants' Motion for Partial Summary Judgment (ECF 41) and Granting Plaintiff's Motion to Amend/Correct (ECF 47) As Invited by Court." (ECF 64, at 1.) In this submission, he "provide[s]" "comments" about the Court's partial-summary-judgment order. (*Id.* at 5.) Neither the Federal Rules nor the Local Rules condone parties filing free-wheeling commentary on court orders. To the extent Bender's submission is a motion for reconsideration, that request is denied for his failure to raise "newly discovered evidence," evidence of "clear error or [that] the initial decision was manifestly unjust," or any "intervening change in controlling law." *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Finally, Bender lodges "Rule 72 Objections to [the] Magistrate" Judge's "10/7/24 Order Following Record Production Conference." (ECF 39, at 1.) Bender lists four "objections" to the Magistrate Judge's briefing-schedule order. (*See id.*) Because the order was "[n]ondispositive," this Court must "set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). In "Objection 1," Bender complains that the Magistrate Judge used a different discovery-dispute procedure in this case than was used in another case, and he asks this Court to "[r]eset the record production conference." (ECF 39 at 2, 5.) But there is nothing clearly erroneous about a Magistrate Judge's decision to use different discovery-dispute procedures in different cases—especially when one case involves FOIA claims while the other does not. (*Compare* ECF 1, *with Pontier v. GEICO Insurance*, 21-cv-0199-LL, ECF 1); *see also Lane*, 523 F.3d at 1134 ("Discovery is not typically a part of FOIA and Privacy Act cases . . . ." (cleaned up)). So Bender's "Objection 1" is overruled.

"Objection 2" concerns the previously issued summary-judgment deadlines.

2

(ECF 39, at 6.) But that objection is moot because those due dates were vacated and will be reset at the forthcoming case management conference. (*See* ECF 67.) In "Objection 3," Bender protests his inability to "file an early discovery motion" and requests more than the "5 pages" that he believes he was limited to. (ECF 39, at 6–8.) That objection is overruled as well, as it appears that Bender misapprehended any supposed page limits—there is no mention of a "5 page" limit in the order that Bender objects to. (*See generally* ECF 37.) To the extent any page limits are unclear, Bender may request clarification at the forthcoming case management conference. (*See* ECF 67.) Lastly, in "Objection 4," Bender repeats his call for pre-release of the hypothetical administrative record that defendants might file alongside a summary-judgment motion. (ECF 39, at 8–9.) As discussed, that request is premature, so this final objection is likewise overruled.

    All of Bender's motions and objections are thus denied.

Dated:  August 19, 2025

_____
Hon. Andrew G. Schopler
United States District Judge